(March 30, 1999)

■ LARRY PATTERSON, an Infant, by His Mother and Natural Guardian, ABIGAIL ANGEVIN, Appellant, v CITY OF NEW YORK, Respondent, et al., Respondent. [687 NYS2d 161] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered on or about February 3, 1998, which, *inter alia*, denied plaintiff's motion to vacate the prior order, same court and Justice, entered on or about September 5, 1997, dismissing this special proceeding based upon petitioners' default, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the petition reinstated.

This proceeding, which seeks leave to serve a late notice of claim upon the respondents, was commenced in January 1994. The petition alleged, *inter alia*, that on May 16, 1991, petitioner, who was then two years old, was severely injured when he was struck on the head by a swing in the playground at the housing project where he resided and that one week prior to the action petitioner's mother had notified the Housing Authority that the fence surrounding the swing area was down.

On July 8, 1994, the Supreme Court held the motion in abeyance pending a hearing before a Special Referee to resolve certain factual issues, including whether the City had received actual notice of the facts constituting the claim within 90 days of its occurrence and whether the delay in serving the notice of claim would substantially prejudice the City in maintaining its defense on the merits. Two hearings before the Special Referee were adjourned because petitioner sought certain discovery from the City in an attempt to gather factual information regarding the issues that had been set before the Referee, which ultimately resulted in an order granting the City's motion to quash petitioner's subpoena as overbroad.

At the next scheduled appearance before the Referee, which was only nine days after Supreme Court quashed petitioner's subpoena, the matter was marked off the calendar. The only

explanation for that disposition is an affirmation by the City's attorney, "upon information and belief," that it was due to the non-appearance of petitioner's counsel. Petitioner's counsel, on the other hand, states that the case was marked off the calendar on request because of the ongoing discovery dispute and his failure to obtain sufficient discovery to litigate the extant issues. Counsel made a new discovery request in July of 1995 and a further request in December of 1995. Apparently the City did not comply with either, and counsel thereupon made a series of motions to compel, the first of which was marked off calendar for reasons which remain unclear, the second of which was withdrawn, and the third of which was decided in an order which referred resolution of the discovery dispute to the Referee. Petitioner then moved to restore the matter to the Referee calendar. A hearing was scheduled for May 20, 1997, concerning which defendants were notified by post card. When petitioner's counsel failed to appear, the case was marked off the calendar. Counsel thereupon moved in Supreme Court to restore the matter to the Referee's calendar, but, upon the City's cross-motion, the court dismissed the proceeding. On February 3, 1998, the court denied petitioner's motion to vacate the default.

While the behavior of petitioner's counsel appears to have been considerably less than exemplary, we find that, under all of the circumstances, the motion to vacate the default judgment dismissing this special proceeding seeking permission to serve a late notice of claim should be granted. Notably, while respondent points out that counsel for petitioner failed to appear at a number of scheduled appearances prior to the one which precipitated the instant dismissal, respondent does not contend that it appeared at them either, and the record is not completely clear as to whether adjournments were obtained. Moreover, in the course of the period during which these alleged failures occurred, counsel for petitioners made a number of unsuccessful attempts to compel respondent to comply with its demands for discovery, which, petitioner contends, is necessary to his claim that respondent had actual notice of the dangerous condition which caused the underlying injuries, and, thus, to the claim that petitioner should be granted permission to serve a late notice of claim.

While counsel for petitioner also did not appear at the Referee hearing that was scheduled after the Referee had been granted supervisory powers over discovery, a hearing at which respondent did in fact appear, counsel contends that he was not notified of said hearing, and there is nothing in the record to refute that statement.

Under these circumstances, we find that the record does not show that counsel's failures were such as to warrant dismissal of his client's action and that the motion to vacate the default judgment should be granted and petitioner's application to determine the timeliness of the notice of claim decided on the merits. Concur—Ellerin, P. J., Rosenberger, Williams and Andrias, JJ.